**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4004**

———————

UNITED STATES OF AMERICA,

 Plaintiff – Appellee,

 v.

ZAVIER LAVAR WILLIAMS,

 Defendant – Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, District Judge.  (0:12-cr-00197-CMC-1)

———————

Submitted:  July 18, 2013               Decided:  August 7, 2013

———————

Before KEENAN, DIAZ, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Scarlet B. Moore, Greenville, South Carolina, for Appellant. John David Rowell, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zavier Lavar Williams pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and to distribute quantities of cocaine, crack cocaine, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C)-(D), 846 (2006), and possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (2006). He was designated a career offender and sentenced to 262 months' imprisonment, which was at the bottom of his advisory Guidelines range. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no nonfrivolous grounds for appeal, but asking us to review Williams' convictions and the reasonableness of the sentence. In his pro se supplemental filing, Williams asks that we review whether he is entitled to relief based on the Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). For the reasons that follow, we affirm.

Because Williams did not move in the district court to withdraw his guilty plea, we review the Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To prevail under this standard, Williams must establish that an error occurred, that this error was plain, and that it affected his substantial rights. United

2

States v. Massenburg, 564 F.3d 337, 342–43 (4th Cir. 2009). Our review of the record establishes that the district court fully complied with the mandates of Rule 11, ensuring that Williams' plea was knowing and voluntary and supported by an independent basis in fact. We therefore affirm Williams' convictions.

We review Williams' sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. We first assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2006), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49–51; see United States v. Lynn, 592 F.3d 572, 575–76 (4th Cir. 2010). If there is no procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza–Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the defendant's properly calculated Guidelines range, we apply a presumption of substantive reasonableness. United States v. Bynum, 604 F.3d 161, 168-69

3

(4th Cir. 2010); see Rita v. United States, 551 U.S. 338, 347 (2007) (permitting appellate presumption of reasonableness for within-Guidelines sentence).

We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. We discern no error in the district court's computation of Williams' Guidelines range, including the career offender designation, the opportunities it provided Williams and his counsel to speak in mitigation, or its explanation of the sentence imposed by reference to the relevant § 3553(a) factors. In addition to noting its overall consideration of the relevant sentencing factors, the district court opined that the 262-month sentence was appropriate given the seriousness of Williams' crimes; Williams' recidivism and demonstrated lack of respect for the law; and the need to impose a just punishment that would protect the public and deter future criminality. Finally, we have found no basis in the record to overcome the presumption of reasonableness accorded this within-Guidelines sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We note that Williams' claim for relief under Alleyne fails, given that the mandatory minimum five-year consecutive term of imprisonment applicable to the § 924(c) charge was not increased based on aggravating factors not charged in the indictment. Cf.

4

<u>Alleyne</u>, 133 S. Ct. at 2155-56, 2160-63. We therefore affirm the judgment of the district court. This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>